UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIANA R. EDLIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:11-cv-01300-SEB-TAB |
| GARNER FAMILY ENTERPRISES, INC., | ) ) ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO QUASH SUBPOENA**

On November 21, 2011, Plaintiff served a subpoena on non-party Sovereign Bank, seeking documents related to Defendant Garner Family Enterprises, Inc., Jamey Garner, and/or Garner's Towing. Sovereign Bank apparently was prepared to produce documents responsive to the subpoena until December 22, 2011, when Defendant filed a motion to quash the subpoena. [Docket No. 13.] Plaintiff raises a number of arguments why the subpoena should not be quashed [Docket No. 15], and Defendant has not responded to any of them. As set forth below, the Court declines to quash the subpoena.

First, Plaintiff notes that Defendant failed to comply with Local Rule 37-1, which requires counsel to confer in good faith in an attempt to resolve discovery disputes before involving the Court. Local Rule 37-1 also encourages counsel to contact the assigned Magistrate Judge to resolve discovery disputes such as this prior to filing a formal motion. Defendant failed to take either approach, choosing instead to ignore Local Rule 37-1 and simply file a motion to quash. As a result, the motion to quash is denied.

Second, Plaintiff argues that Defendant failed to timely object to the subpoena, thereby waiving any objection Defendant is attempting to raise now.  Fed. R. Civ. P. 45(c)(2)(B) provides that a person commanded to produce documents in response to a subpoena must object "the earlier of the time specified for compliance or 14 days after the subpoena is served."  Sovereign Bank—on which the subpoena was served—did not object and as noted apparently was prepared to produce responsive documents.  However, Defendant objected, but waited until December 22 to do so.  The subpoena provided 30 days for compliance, so Defendant's objection was due 14 days after service of the subpoena on November 21.  Thus, Defendant's motion to quash is untimely.  Although Rule 45 does not specifically state that parties must file motions to quash within the same limits given to non-parties to serve objections, the Court see no reason to provide for a longer time period, and neither party has cited any language from Rule 45 or case law addressing this issue.

Looking past these procedural issues, the parties dispute whether the subpoena seeks discoverable documents.  While admittedly broad, the Court agrees with the Plaintiff that the subpoena seeks documents potentially relevant to Plaintiff's claim under *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390 (Ind. 1988).  This claim is based on Plaintiff's allegation that Defendant terminated her for her refusal to help forge a document, which document Plaintiff believes may have been provided to the bank in connection with Defendant's attempt to obtain financing for a truck.  [Docket No. 15 at 5.]  As a result, the subpoena seeks potentially relevant documents, and Defendant's argument to the contrary does not provide a basis to quash the subpoena.

The Court also rejects Defendant's claim that the subpoena should be quashed because it was served on Sovereign Bank in Pennsylvania. [Docket No. 13 at 3.] In her response, Plaintiff notes that Sovereign Bank (which apparently does not have a registered agent in Indiana) does business in Indiana and that therefore this Court has personal jurisdiction over the bank. [Docket No. 15 at 4.] Defendant fails to respond to this argument. In fact, as previously noted, Defendant filed no reply in support of its motion to quash and thus failed to respond to any of Plaintiff's arguments. But Sovereign Bank was certainly capable of raising this argument, which it did not do. On the contrary, the bank was prepared to produce responsive documents before Defendant filed its motion to quash. Under this scenario, service of the subpoena on Sovereign Bank in Pennsylvania is not a sufficient basis to quash the subpoena.

For these reasons, Defendant's motion to quash [Docket No. 13] is denied.

Dated: 02/01/2012

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Daniel D. Bobilya
BOBILYA & REIDY LLP
dbobilya@b-rlegal.com

Jason Porter Cleveland
JOHN H. HASKIN & ASSOCIATES
jcleveland@hlllaw.com

John H. Haskin
JOHN H. HASKIN & ASSOCIATES
jhaskin@hlllaw.com